UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- X
   :
MARIA ARIAS AMPARO,    :
   :
               Plaintiff,    :       20-CV-10285 (JMF) (SDA)
   :
      -v-    :       ORDER ADOPTING
   :       REPORT AND
COMMISSIONER OF SOCIAL SECURITY,    :       RECOMMENDATION
   :
               Defendant.    :
   :
--------------------------------------------------------------------- X

JESSE M. FURMAN, District Judge:

The Court referred this case to Magistrate Judge Stewart D. Aaron for a Report and Recommendation. In a Report and Recommendation filed on July 19, 2022, Magistrate Judge Aaron recommended that Plaintiff's motion for judgment on the pleadings be GRANTED, the Commissioner's cross-motion be DENIED, and the case be remanded for further proceedings.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates her original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object.  In addition, it expressly called the parties' attention to Rule 72 of the Federal Rules of Civil Procedure and Title 28, United States Code, Section 636(b)(1).  Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made.  Accordingly, the parties have waived their right to object to the Report and Recommendation or to obtain appellate review.  *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law.  In short, Magistrate Judge Aaron correctly concluded that remand is required because the Administrative Law Judge ("ALJ") did not consider Plaintiffs' non-severe mental impairments when determining her Residual Functional Capacity.  Accordingly, the Report and Recommendation is adopted in its entirety and the case is remanded for further proceedings consistent with the Report and Recommendation.  As Magistrate Judge Aaron notes, on remand, the ALJ  should consider whether Dr. Howard Tedoff's opinion creates an ambiguity that requires further development of the record.  *See* R&R 23-24.

The Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 3, 2022
New York, New York

_____
JESSE M. FURMAN
United States District Judge